

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 19, 1963

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Harris County
Houston, Texas

Opinion No. C-144

Re: Construing H. B. 413, 58th
Leg. relating to court costs
in the Commutation of Time
and Other Privileges Granted
Inmates of the County Jail
for Good Conduct

Dear Mr. Resweber:

Your letter requested an opinion from this office construing H. B. 413, enacted into law by the 58th Leg., R. S., 1963, Ch. 371, Page 943, as Article 5118a, Vernon's Civil Statutes. Your question was:

"Does this Act apply to or include court costs where the judgment of conviction is for the payment of a fine and court costs?"

Article 5118a, as amended reads as follows:

"Section 1. In order to encourage county jail discipline, a distinction may be made in the terms of prisoners so as to extend to all such as are orderly, industrious and obedient, comforts and privileges according to their deserts; the reward to be bestowed on prisoners for good conduct shall consist of such relaxation of strict county jail rules, and extension of social privileges as may be consistent with proper discipline. Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge. A deduction in time not to exceed one-third (1/3) of the original sentence may be made from the term or terms of sentences when no charge of misconduct has been sustained against the prisoner. This Act shall be applicable regardless of whether the judgment of conviction is a fine or jail sentence or a combination of

jail sentence and fine. A prisoner under two (2) or more cumulative sentences shall be allowed commutation as if they were all one sentence. For such sustained charge of misconduct in violation of any rule known to the prisoner (including escape or attempt to escape) any part or all of the commutation which shall have accrued in favor of the prisoner to the date of said misconduct may be forfeited and taken away by the sheriff. No other time allowance or credits in addition to the commutation of time for good conduct herein provided for may be deducted from the term or terms of sentences. The sheriff shall keep or cause to be kept a conduct record in card or ledger form and a calendar card on each inmate showing all forfeitures of commutation time and the reasons therefor.

"Section 2. All laws or parts of laws in conflict with the provisions of this Act are hereby repealed.

"Section 3. . . . .

"Section 4. The fact that the Attorney General of the State of Texas in Opinion No. WW-1326, dated May 2, 1962, ruled that the present Act does not empower the sheriff to grant commutation of sentence for good conduct to a county jail prisoner who is serving time in jail in lieu of payment of a fine, thus working an injustice and inequity against such prisoners who may be deserving of consideration because of orderly, obedient and industrious conduct, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

Article 783, Vernon's Code of Criminal Procedure, reads in part as follows:

"When the defendant is only fined the judg-

ment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; . . . . " (Emphasis supplied)

Article 784, Vernon's Code of Criminal Procedure, reads as follows:

"If the punishment is any other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."

Article 785, Vernon's Code of Criminal Procedure, reads as follows:

"When the judgment against a defendant is for a fine and costs he shall be discharged from the same:

"1. When the amount thereof has been fully paid.

"2. When remitted by the proper authority.

"3. When he has remained in custody for the time required by law to satisfy the amount thereof." (Emphasis supplied)

In Ex Parte Mann, 46 S.W. 828 (Tex. Crim., 1898), the Court said:

"The whole theory of the law in Texas with reference to the enforcement of fines in misdemeanor convictions, includes costs as a part and parcel of the judgment." (Emphasis supplied)

And Tex. Jur. 2d, Vol. 25, Payment of Costs, Section 12, Page 333, reads as follows:

> "Costs assigned against a Defendant
> must be satisfied before the Defendant can
> be discharged from a judgment for a fine.
> This is also true of a judgment of a justice
> court. <u>The enforcement of fines in misde-
> meanor convictions includes costs as a
> part of a judgment and the convict is not
> entitled to release from custody until he
> has satisfied both fine and costs.</u>"
> (Emphasis supplied)

The 58th Legislature clearly expressed their reasons for, the intents and purposes of, and the objective desired in amending Article 5118a Vernon's Civil Statutes. They were definitely in a beneficent mood and were determined to restore clemency benefits to a certain class of jail inmates who had been deprived of the same by Attorney General's Opinion No. WW-1326, 1962, which in our opinion was the correct interpretation of the law as then written.

Your question and request for an opinion on amended Article 5118a stems from the language used by the Legislature contained in Section 1 thereof, or to be more accurate and specific, you are concerned about the omission of certain words from the pertinent 3rd sentence of Section 1, which reads:

> "This Act shall be applicable regardless of
> whether the judgment of conviction is a fine or
> jail sentence or a combination of jail sentence and
> fine."

The omission from the above of the usual words "court costs" or "costs" which have heretofore been used consistently in provisions or decisions relating to penalties of fines or jail sentences does pose a question. However, the error appears inconsequential in view of the well-grounded law covering this subject.

Statutory laws, court decisions and other authorities either declare or subscribe to the principle of law that in a <u>judgment of convic-tion</u> for a misdemeanor offense carrying a penalty of a fine or jail term sentence that "court costs" <u>are part and parcel of such judgment</u>, and that in the enforcement thereof, <u>the total sum of the fine and costs</u> therein, or the <u>total length of the jail term sentence and costs</u> are considered as a whole to be satisfied before a discharge or release from same is in order. Therefore, we hold that this Act does apply to and include "court

costs" where a judgment of conviction is for the payment of a fine and court costs.

## SUMMARY

Article 5118a, Vernon's Civil Statutes, as amended authorizes county sheriffs to award prisoners the commutation of time up to one-third (1/3) of the original sentence for good conduct, industry, and obedience and makes same applicable regardless of whether the judgment of conviction is a fine or jail sentence, or a combination of jail sentence or fine. This Act does apply to and include court costs where the judgment of conviction is for the payment of a fine and court costs.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Edward R. Moffett
Edward R. Moffett
Assistant Attorney General

ERM:nf

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Linward Shivers
Brady Coleman
Ben Harrison
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone